Annalee v. Caldor                        CV-95-175-M    04/14/95
                    UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Annalee Mobilitee Dolls, Inc.,
     Plaintiff,

     v.                                          Civil No. 95-175-M

The Caldor Corporation and C.R. Seasons Ltd.,
     Defendants.


                              O R D E R


     Plaintiff Annalee Mobilitee Dolls, Inc. ("Annalee"), is
suing The Caldor Corporation and C.R. Seasons Ltd. for trademark
infringement, misappropriation, and unfair competition pursuant
to 15 U.S.C. §§ 1114 and 1125(a), NH RSA 358-A, and the common
law.  Before the court is Annalee's request for a temporary
restraining order preventing defendants from infringing on its
trade dress and trading on its good will.  As explained below,
plaintiff's request is necessarily denied.


I.    BACKGROUND

     Annalee, a New Hampshire corporation, has manufactured dolls
under the "Annalee" trademark since 1936.  Annalee specializes in
designing, producing, and marketing collectible, posable,
decorative dolls formed of "soft felt-like materials over

stuffing filled wire forms."  Annalee dolls have a distinctive "collocation" of features including painted-on faces and commercial or furrier stitched heads and limbs.  Each doll is dressed to celebrate various seasonal themes such as Easter, Christmas, and Thanksgiving.

Annalee produces a limited number of dolls which retail for between $20.00 and $30.00.  As a result of the limited production Annalee dolls have become collector's items that have been resold for as much as $1,500.00.  The dolls are distributed nationally via retail department and gift stores as well as through Annalee's own retail outlets and catalogs.  Annalee dolls are marked with a stitched-in tag that identifies Annalee as the manufacturer.  They are sold in clear plastic wrappers that are devoid of identifying markers.

In 1994, Defendant C.R. Seasons Ltd. ("Seasons"), began producing dolls that, like plaintiff's, are made of soft felt material, with painted-on faces and dressed in holiday (Easter) garb.  Defendant's dolls are made in China and are sold exclusively through defendant Caldor's discount department stores.  Defendant's dolls retail for approximately half that of

2

plaintiff's, that is between $10.00 and $13.00.  Defendant's dolls are also conspicuously packaged in a cardboard display box that clearly identifies "C.R. Seasons" as the source of the product both on the front and back of the box.  Finally, each doll sold by defendant is marked with a stitched-in tag (roughly in the same position as plaintiff's tag) that clearly identifies C.R. Seasons as the manufacturer.

Annalee contends that the consuming public needs to be protected from defendants' intentional infringement and the inevitable customer confusion as to the source of defendants' dolls that is likely to result from that infringement.  Furthermore, Annalee argues that granting a temporary restraining order is necessary to prevent irreparable injury to Annalee's trade dress and its associated good will in the marketplace.

## II.  STANDARD OF REVIEW

To obtain the extraordinary relief of a preliminary injunction, a plaintiff must demonstrate: 1) a likelihood of success on the merits at trial, 2) that irreparable harm will result if the requested relief is not granted, 3) that any harm to the plaintiff, if the relief is not granted, outweighs any

harm granting the relief would inflict upon the defendant, and 4) that the public interest will not be adversely affected by granting the requested relief. Fed. R. Civ. P. 65; <u>Planned Parenthood League of Mass. v. Belloti</u>, 641 F.2d 1006, 1009 (1st Cir. 1981); <u>Avery v. Powell</u>, 695 F.Supp. 632, 642 (D.N.H. 1988).

**III. DISCUSSION**

The dispositive issue before the court is plaintiff's likelihood of succeeding on the merits. Both the packaging and marking of goods is of paramount importance in trade dress infringement cases such as this. <u>Versa Products Co. v. Bifold Co.</u>, 33 U.S.P.Q. 2d 1801 (3rd Cir. 1995).

> [I]n trade dress infringement suits where the dress inheres in a product configuration, the primary factors to be considered in assessing likelihood of confusion are the product's labeling, packaging, and advertisements. `The most common and effective means of apprising intending purchasers of the source of goods is a prominent disclosure on the container, package, wrapper, or the label of the manufacturer's or traders name . . . [and when] that is done, there is no basis for a charge of unfair competition.'" <u>Venn v. Goedert</u>, 319 F.2d 812, 816 (8th Cir. 1963).

<u>Versa Products</u>, 1995 U.S. App. LEXIS 2838. Here, the trade dress "inheres in [the] product configuration" — small soft thematic dolls. In order to prevail, then, Annalee must begin by

4

demonstrating that it is likely to succeed in proving at trial that Season's packaging will likely lead to customer confusion as to source of defendants' dolls.

Seasons concedes that it was "aware" of Annalee's style of doll before it began to produce its own dolls. In fact, there is little doubt that Seasons blatantly modeled their dolls after Annalee's style. Although the similarities in form and theme between the parties' dolls are readily apparent to the lay eye, the critical question is not whether the dolls are of the same type (i.e. soft painted fabric collectable dolls celebrating holiday themes), but whether defendants' dolls are sufficiently distinguished from Annalee's when presented for sale to the consuming public.

Unlike Annalee dolls, which are sold without packaging, defendant's dolls are displayed and sold in individual bright blue cardboard display boxes. Each box is clearly marked with the "C.R. Seasons" trade name in two places and each doll has a sewn on label bearing the Seasons trade name. The back of the box discloses that the doll is manufactured in China, not New Hampshire. Seasons' trademark, "Country Original," also appears

5

four times on the exterior of the box.  Finally, there appears to be little chance for legitimate customer confusion as defendant's dolls appear to be of significantly lesser quality than Annalee dolls, and Annalee's market appears to consist mainly of sophisticated buyers interested in obtaining collectible Annalee originals who can be expected to look for and recognize distinguishing characteristics of Annalee's dolls (pear shaped faces, furrier stitched chins, heightened rosiness of cheeks, stitched-in Annalee label, simple plastic wrapping) that are not mimicked by Seasons.

Again, while thematically similar and alike in appearance, the respective products are sufficiently distinguishable in appearance and quality that any latent confusion that might otherwise result would likely be eliminated by the clear source disclosures made on, and the nature of, defendant's packaging.

## IV.  CONCLUSION

Annalee has failed to demonstrate that it is likely to succeed on the merits relative to the critical issue of customer confusion.  Accordingly, its motion for temporary restraining order is necessarily denied.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

April 14, 1995

cc:  Teresa C. Tucker, Esq.
     Norman P. Soloway, Esq.
     Richard C. Nelson, Esq.
     Neil M. Zipkin, Esq.

7